UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 1:10-cr-00097-S-LDA-1 |
| | ) | |
| ARJUSZ ERIC ROSZKOWSKI | ) | |

---

## SECOND MOTION TO CORRECT SENTENCE
## PURSUANT TO 28 U.S.C. § 2255
### (Sentencing Guidelines)

Now comes your defendant ARJUSZ ERIC ROSZKOWSKI, through his attorney Assistant Federal Defender Tara I. Allen,  in the above captioned matter, and respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255, because he is presently serving a sentence that was calculated based on an incorrect guideline range.  This is Mr. Roszkowski's Second Motion to Vacate Sentence under §2255. His Application for Permission to File a Second or Successive Motion to Vacate is presently pending in the First Circuit. *See* USCA Docket Number 16-1650.

 In June 2015, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), struck the residual clause of the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court found *Johnson* retroactive to cases on collateral review. *Johnson* invalidates the identically-worded residual clause under the section of the Federal Sentencing Guidelines that defines the phrased "crimes of violence." *See* U.S.S.G. § 4B1.2(a)(2).

1

Defendant maintains that his sentence was enhanced based on prior convictions that were deemed "crimes of violence" under the so-called "residual clause" of the Sentencing Guidelines.  After *Johnson*, Defendant no longer qualifies for the sentencing range that was calculated in this case.

Defendant is presently in the custody of the Bureau of Prisons serving a sentence that is based on an invalid Guideline calculation. He therefore asks the Court to vacate his sentence and schedule a new sentencing hearing.  In support of this motion he submits the attached memorandum.

Respectfully submitted
ARJUSZ ERIC ROSZKOWSKI

By his attorney,

*/s/ Tara I. Allen*
Tara I. Allen, BBO# 641687
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281; FAX 528-4285
tara_allen@fd.org

CERTIFICATION

I hereby certify that a copy of this MOTION was delivered by electronic notification to all counsel registered with ECF, on June 22, 2016.

*/s/ Tara I. Allen*

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 1:10-cr-00097-S-LDA-1 |
| | ) | |
| ARJUSZ ERIC ROSZKOWSKI | ) | |

_____

## MEMORANDUM IN SUPPORT OF DEFENDANT'S SECOND
## MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

## I.    INTRODUCTION

Defendant Arjusz Roszkowski, through undersigned counsel, has respectfully moved this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

In 2011, Mr. Roszkowski's sentencing range was enhanced based on prior convictions that had been categorized as "crimes of violence" in  U.S.S.G. §  2K2.1. Section § 2K2.1 incorporates the "crime of violence" definition that applies to Career Offenders as set forth in U.S.S.G. § 4B1.2(a). *See* § 2K2.1 Application Note 1.  Section 4B1.2 contains a so-called "residual clause" under which defendant's prior convictions qualified as "crimes of violence."   The residual clause set forth in the Federal Sentencing Guidelines Manual is identical to the one contained in the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(e)(2)(B)(ii).

In June 2015, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), struck the residual clause of the ACCA, as unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court found *Johnson* retroactive to cases on collateral review. *Johnson* invalidates the identically-worded residual clause of the career offender guideline. *See* U.S.S.G. § 4B1.2(a)(2). Defendant maintains that, after *Johnson*, the sentencing range calculated by the court is invalid.

Defendant respectfully requests that this Court vacate his sentence and re-sentence him.

## II.    BACKGROUND

Arjusz Roszkowski was Indicted in December 2009,  on charges alleging of  Felon in Possession of a Firearm in violation of 18 USC §922(g)(l) (Count 1), and Possession of a Firearm with an Obliterated Serial Number in violation of 18 USC §922(k) (Count 2).

On September 22, 2010, a jury found him guilty on both counts.

The  Probation Office concluded that the defendant's for felony convictions for Robbery and Burglary (00-S-1311-1317), listed in PSR ¶ 27, and Bank Robbery (05-135-01 SM), listed in PSR ¶ 28, were crimes of violence under U.S.S.G. § 4B1.2(a), for purposes of calculating the base offense level under U.S.S.G. § 2K2.1(a). Thus, the PSR calculated Defendant's sentencing range as follows:

Original  Sentencing Calculation

Criminal History Category V

| | | |
|---|---|---|
| Base offense level | 24 | § 2K2.1(a)(2) |
| | +4 | § 2K2.1(b)(4)(B) |
| | +4 | § 2K2.1(b)(6) |
| Total  base offense | 32 | |
| Sentencing Range | 188 -235 months' imprisonment restricted to 180 months | |

*See* PSR ¶¶  29, 48.

Without the increase in base offense level, Defendant's otherwise applicable guideline range was 84to 105  months' incarceration, based on an offense level of 22, criminal history category of V.

Revised Sentencing Calculation
Criminal History Category V

| | | |
|---|---|---|
| Base offense level | 14 | § 2K2.1(a)(6) |
| | +4 | § 2K2.1(b)(4)(B) |
| | +4 | § 2K2.1(b)(6) |
| Total  base offense | 22 | |
| Sentencing Range | 84-105 months' imprisonment | |

At sentencing on April 22, 2011, the Court adopted the recommendations in the PSR, and sentenced the defendant to 180 months.  *See* ECF Minute Entry 4/22/2011.

On April 29, 2011, the Judgment was entered. ECF Doc. No. 34 (Judgment).

On April 26, 2011, the defendant filed a Notice of Appeal. ECF Doc. No. 39.

On November 27, 2012,, the First Circuit affirmed Defendant's convictions. See ECF Doc. 98 (Judgment of the U.S. Court of Appeals).

On June 16, 2014, Defendant filed his first 28 U.S.C. § 2255 motion, in which he alleged various trial errors. ECF Doc. No. 105.

On September 18, 2015, the Court denied Mr.  Roszkowski's first § 2255 motion. ECF Doc. No. 117.

In January 2011, Defendant moved for reconsideration of the Order Denying his first § 2255 motion. See ECF Doc. No. 119. He later moved for a new trial. ECF Doc. No. 121.

This Court denied both motions. ECF Doc. No. 124.

On May 16, 2016, Mr. Roszkowski filed *pro se* a Notice of Appeal as to the Order denying his motions for reconsideration and for a new trial.  ECF Doc. No. 125; see USCA Docket No. 16-1633.

On May 24, 2016, through the Federal Defender filed an Application for Permission to File a Second or Successive Motion to Vacate is presently pending in the First Circuit. *See* USCA Docket Number 16-1650.

Uncertain whether that application tolls the one-year statute of limitations for applying for relief in this Court, Mr. Roszkowski files this Second Motion to Vacate his Sentence under § 2255. *See e.g. Orona v. United States,* No. 16-70568 (June 22, 2016) (holding "[f]or purposes of determining whether [the petitioner's] § 2255 motion is timely," "the filing in this court of his initial second or successive application tolled the running of the 1-year statute of limitations, and [] the limitations period remained tolled through our court's disposition of the application.").

Defendant now moves for a second time under § 2255  and respectfully asks this Court to vacate his current sentence, and schedule a resentencing hearing, using the revised sentencing calculation as the correct starting point under the Guidelines.

## III.   APPLICABLE LAW

### A. Title, 28 U.S.C. Section 2255

A prisoner in custody under sentence of a this Court who claims the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law, may move the sentencing court to vacate, set aside or correct the sentence. 28 U.S.C. § 2255 (West).

### B. Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person who has been convicted previously for a felony to possess a firearm.  A defendant convicted for a violation of

§ 922(g)(1) is subject to a 15-year to life sentencing enhancement under § 924(e) which states:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

> (2) As used in this subsection—
> (B) the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the force clause]; or
>> (ii) is burglary, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause].

Title 18 U.S.C. § 924(e)(2)(B).

### C.   "Crime of Violence" Provision, U.S.S.G. § 2K2.1

Section 2K2.1 of the Federal Sentencing Guidelines increases the base offense level for gun offenses that are committed subsequent to one more felony convictions of either a "crime of violence" or a controlled substance offense.  *See* U.S.S.G. §2K2.1. Section § 2K2.1 incorporates the "crime of violence" definition that pertains to career offenders as set forth in U.S.S.G. § 4B1.2(a). *See* § 2K2.1 Application Note 1. The Guidelines define "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1)          has as an element the use, attempted use, or threatened use of physical force against the person of another[knows as the force clause], or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offense clause of the career offender provision], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause of the career offender provision]. U.S.S.G. 4B1.2.

The First Circuit treats the residual clauses in the Armed Career Criminal Act and the Guidelines' Career Offender provision identically. *United States v. Glover,* 558 F.3d 71, 80 fn. 3 (1st Cir. 2009) ("We have considered these residual clauses to be relatively interchangeable, and have treated interpretations of one as persuasive authority relative to the other.").

### D. *Johnson v. United States*, 135 S. Ct. 2551 (2015)

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court declared the residual clause of the ACCA, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson,* 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

**E.  *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016)**

In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that "*Johnson* is [] a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*  A substantive rule is categorically retroactive to all cases on collateral review. *See Montgomery v. Louisiana*, 136 S.Ct. 718, at 728 (S. Ct. Jan. 25, 2016) ("*Teague* requires the retroactive application of new substantive … rules"); *Danforth v. Minnesota,* 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive or watershed rules of criminal procedure] must be applied in . . . all federal habeas corpus proceedings"); *Davis v. United States,* 564 U.S. 229, 243 (2011) (stating that retroactivity is a "categorical matter"); *Teague v. Lane,* 489 U.S. 288, 316 (1989) (determining that a new rule must "be applied retroactively to *all* defendants on collateral review through one of the two exceptions we have articulated") (emphasis in original).

## IV.    ARGUMENT

### A. *JOHNSON* INVALIDATES THE RESIDUAL CLAUSE OF U.S.S.G. § 4B1.2(a)(2)

*Johnson II* looked at the ACCA residual clause language "otherwise involves conduct that presents a serious potential risk of physical injury to another" and found it "hopeless[ly] indetermina[te]," and "vague in all its applications." *Johnson II*, 135 S.Ct. at 2558, 2561. The residual clause of the career offender guideline and applied to § 2K2.1 is identical to that of the ACCA. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a)(2). It too, under *Johnson II*, is unconstitutionally vague.

In *Johnson II* itself, the Court looked at four decisions interpreting the residual clause language in the § 4B1.2(a)(2) context (and only two in the ACCA context) to determine that it "has proved nearly impossible" for courts to "mak[e] sense of the

residual clause." *Id.* at 2559-60 (internal quotation marks and citation omitted).[1] The Supreme Court, since *Johnson*, has vacated and remanded more than a dozen lower court decisions in which defendants had been sentenced under the guidelines' residual clause, including cases on collateral review.[2]

With the exception of the Eleventh Circuit, every circuit to have reached the issue has found that the Guidelines' residual clause, which is identical to the residual clause struck in *Johnson*, is void for vagueness. *See United States v. Madrid,* 805 F.3d 1204, 1211 (10th Cir. 2015) ("it stretches credulity to say that we can apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA"); *United States v. Welch*, No. 12-4402-CR L, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016) (unpub.) (career offender residual clause invalid after *Johnson*, in light of the "identical" language in both clauses and the overlapping authority interpreting them); *United States v. Collins*, 799 F.3d 554, 596-97 (6th Cir. Aug. 24, 2015) (residual clause of the career offender guideline now invalidated); *United States v. Townsend*, No. 14-3652, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015) (unpub.) (agreeing with government that *Johnson* invalidated the residual clause of the career offender guideline); *but see United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th

---

[1]    The four guidelines decisions were *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013), *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010), *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010), and *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009).

[2]    *See, e.g., Caldwell v. United States*, 136 S. Ct. 417 (2015); *Banks v. United States*, 136 S. Ct. 365 (2015); *McCarthren v. United States*,  136 S. Ct. 332 (2015); *Gonzales v. United States*, 136 S. Ct. 84 (2015); *Cooper v. United States*, 135 S. Ct. 2938 (2015); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015) *and Talmore v. United States*, 135 S. Ct. 2937 (2015) (direct review); *Beckles v. United States*, 135 S. Ct. 2928 (2015); *Denson v. United States*, 135 S. Ct. 2931 (2015); *Jones v. United States*, 135 S. Ct. 2944 (2015); *Jones v. United States*, 136 S. Ct. 333 (2015) *and Wynn v. United States*, 135 S. Ct. 2945 (2015) (collateral review).

Cir. Sept. 21, 2015) (Guidelines not susceptible to vagueness challenges).[3] Other circuits, including the First Circuit, have either accepted the government's concession that *Johnson* invalidates the Guidelines' residual clause or have assumed without deciding that it does. *See, e.g., United States v. Soto-Rivera*, 811 F.3d 53, 59-60 & n.8 (1st Cir. Jan. 22, 2016); *United States v. Pagan-Soto*, No. 13-2243 (1st Cir. Aug. 27, 2015); *United States v. Castro-Vasquez*, 802 F.3d 28, 38 (1st Cir. 2015); *United States v. Talmore*, No. 13-10650, Order (9th Cir. Aug. 24, 2015); *United States v. Taylor,* 803 F.3d 931, 933 (8th Cir. 2015) (remanding and noting that precedent holding that Guidelines cannot be challenged for vagueness is doubtful after *Johnson*).

The Sentencing Commission, which imported the residual clause in §4B1.2(a)(2) verbatim from the ACCA,[4] has recognized that "the residual clause at §4B1.2 implicates many of the same concerns cited by the Supreme Court in *Johnson*," and amended §4B1.2(a)(2) to strike the clause.[5]

Finally, the government has conceded in cases across the country that *Johnson* invalidates the guideline's identical residual clause. *See, e.g.,* Response for United States, Oct. 29, 2015, *Ahern v. United States*, 1st Cir. Case No. 15-2176 at 6 ("the government agrees that *Johnson*'s holding that ACCA's residual clause is invalid applies to the

---

[3]     *Matchett* has been widely criticized. "Although the [G]uidelines are not statutes, district courts must consider them,' and so the notion 'that the [G]uidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after *Johnson*.'" *United States v. Soto-Rivera*, 811 F.3d 53, 62 n.12 (1st Cir. 2016) (quoting *United States v. Taylor,* 803 F.3d 931, 933 (8th Cir. 2015) (per curiam) (brackets added by *Soto-Rivera*)).

[4]     *See* USSG, App. C, Amend. 268 (1989); U.S. Sent'g Comm'n *Report on the Continuing Impact of* United States v. Booker *on Federal Sentencing*, Pt. C (Career Offenders), at 4 (2012).

[5]     U.S. Sent'g Comm'n, *Amendment on Crime of Violence*, Reason for Amendment at 2 (Jan. 8, 2016), *available at*: http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160121_RF.pdf

identically worded residual clause in the career-offender sentencing guideline going forward"); *Soto-Rivera*, 811 F.3d at 58 (government "'acknowledge[d]' that the Guidelines's [sic] residual clause 'is unconstitutionally vague based on *Johnson*'").

## B. *JOHNSON* HAS BEEN MADE RETROACTIVELY APPLICABLE TO CASES ON COLLATERAL REVIEW BECAUSE IT IS A SUBSTANTIVE RULE

New substantive rules apply retroactively on collateral review. *Montgomery v. Louisiana*, 136 S.Ct. 718, 728 (2016) ("courts must give retroactive effect to new substantive rules of constitutional law"); *see also Bousley v. United States*, 523 U.S. 614, 620 (1998) (retroactivity bar of *Teague v. Lane*, 523 U.S. 614 (1989) "applies only to procedural rules").

Substantive rules include those rules that "narrow the scope of a criminal statute by interpreting its terms," *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (citing *Bousley*), that "alter[] the range of conduct or the class of persons that the law punishes," *Schriro*, 542 U.S. at 353 (citing *Saffle*, 494 U.S. at 495), or that "prohibit a certain category of punishment for a class of defendants because of their status or offense," *Saffle*, 494 U.S. at 494 (internal quotation marks and citation omitted).

"Under this framework, the rule announced in *Johnson* is substantive." *Welch*, 136 S.Ct. at 1265. "*Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). *Johnson* is not a procedural decision because "it had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act," but instead "affected the reach of the underlying statute[,] rather than the judicial procedures by which the statute is applied." *Id.*

If a new rule is substantive, it is categorically retroactive to *all* cases on collateral review. *See Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive or watershed rules of criminal procedure] must be applied in . . . all federal habeas corpus proceedings."); *Davis v. United States*, 131 S.Ct. 2419, 2430 (2011) (stating that retroactivity is a "categorical matter"); *Teague*, 489 U.S. at 316 (determining that a new rule must "be applied retroactively to *all* defendants on collateral review through one of the two exceptions we have articulated" (emphasis in original)); *accord Price*, 795 F.3d at 734 (because *Johnson* is substantive, it is "categorically retroactive" to cases on collateral review; *Watkins,* 810 F.3d at 381 (adopting same position).[6]

The courts of appeals have followed the same approach regarding the rule announced in *Johnson II*. The Eleventh Circuit has held in a Guidelines case that *Johnson* is substantive and would be retroactive to a first § 2255 petition. *In re Rivero*, 797 F.3d 986, 991(11th Cir. 2015). Six circuits have authorized second or successive § 2255 motions based on *Johnson* in career offender cases.[7] The Seventh Circuit explicitly authorized because "*Johnson* announced a new substantive rule of constitutional law" which is thus "categorically retroactive." *Stork v. United States*, No.

---

[6]    *Cf. Spencer v. United States*, No. 10-10676, Supp. Br. for United States on Reh'g *En Banc* (May 21, 2014), at 56 (government arguing, in context of *Begay*, that it was not aware of any "chameleon-like rules" that "were substantive for some purposes and procedural for others.").

[7]    *In re Hubbard,* No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016); *Stork v. United States,* No. 15–2687, 2015 WL 5915990 (7th Cir. Aug. 13, 2015) (unpub.); *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir. March 7, 2016); *In re Encinias*, No. 16-8038, 2016 WL 1719323, at *1-2 (10th Cir. Apr. 29, 2016); *In re Holston*, No. 16-50213, slip op. at 2 (5th Cir. May 17, 2016); *Wilson v. United States*, Case No. 15-73778 (9th Cir. June 1, 2016).

15-2687, 2015 WL 5915990, at *1 (7th Cir. Aug. 13, 2015).[8] The Fourth Circuit issued a published opinion authorizing a second or successive motion, noting that *Welch* held that *Johnson* was substantive and retroactive and the "government has cited no case to support the proposition that a rule can be substantive in one context but procedural in another." *In re Hubbard,* No. 15-276, 2016 WL 3181417 at *6 (4th Cir. June 8, 2016)(citations omitted). Moreover, the court said that *Johnson* as applied to the guidelines was substantive: "striking down the residual clause [of the career offender guideline] … would 'alter the range of conduct or the class of persons that the [Sentencing Guidelines] punishes," as well as the "substantive reach" of the guideline, "just as much as was true for the ACCA." *Id.* at *7 (quoting *Welch*, 136 S.Ct. at 1265) (second set of brackets in original). The court rejected the government's argument that *Johnson* was procedural because it did not alter statutory ranges. *See id.*[9]

In this Massachusetts, one court has issued an opinion holding that the invalidation of the Guidelines' residual clause pursuant to *Johnson II* is substantive and retroactive, because to refuse to apply the invalidation of the Guidelines residual clause retroactively "would carry the 'impermissibly large risk' . . . that the punishment exceeds what the defendant would have received without the [career offender]

---

[8]     Courts of appeals decisions interpreting other ACCA-narrowing decisions in the context of Guidelines cases bear this out as well. As the Third Circuit aptly put it in holding that *Begay*, an ACCA case, was retroactive in a Guidelines case, "Under *Teague*, either a rule is retroactive or it is not." *United States v. Doe*, 810 F.3d 132, 154 n.13 (3d Cir. Dec. 9, 2015). The Ninth Circuit has followed the same approach, holding that a decision narrowing the scope of burglary under the ACCA was substantive and thus retroactive in a guidelines case. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011). And the Seventh Circuit has held that *Begay* and *Chambers* are retroactive in Guidelines cases because they announced substantive rules in ACCA cases. *See Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011); *Brown v. Caraway*, 719 F.3d 583, 594-95 (7th Cir. 2013).

[9]     A panel of the First Circuit denied an application for permission raising a career offender claim in a non-precedential, unpublished 80-word order. *See Ahern v. United States*, No. 15-2176 (May 4, 2016).

designation." *United States v. Ramirez*, No. 10-10008-WGY, 2016 WL 3014646 at *9 (D.Mass. May 24, 2015), quoting *Teague v. Lane*, 489 U.S. 288, 312 (1989).

*Johnson* is substantive in the present case. *Welch* clarified that "whether a new rule is substantive or procedural," *Welch*, 136 S.Ct. at 1266, "depends on whether the new rule itself has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *Id. Johnson* "had nothing to do with the range of permissible methods a court might use to determine whether" a sentencing provision applies, but instead "changed the substantive reach" of the Career Offender guideline, thus "altering 'the range of conduct or the class of persons that the [Guideline] punishes.'" *Welch*, 136 S.Ct. at 1265. Because the residual clause of the guideline is invalid under *Johnson*, "it can no longer mandate or authorize *any* sentence." *Welch*, 136 S.Ct. at 1265 (emphasis added).

Thus, *Johnson* is retroactively applicable to all cases on collateral review under 28 U.S.C. § 2255(f)(3).[10]

## V.   ENTITLEMENT TO RELIEF UNDER § 2255

### A. Defendant presents a timely, cognizable claim under *Johnson*.

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution."  28 U.S.C. § 2255(a).  Defendant's career offender sentence was predicated on the residual clause, found unconstitutionally vague in *Johnson*. "[I]mposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135

---

[10]    It is undisputed that the rule in *Johnson* is new. *See, e.g., In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015).

S.Ct. at 2563.  Thus, Defendant's claim for relief is cognizable under the plain language of § 2255(a).[11]

This claim is timely filed within one year of the decision in *Johnson. See* 28 U.S.C. § 2255(f)(3) (claims may be filed within one year of the date when a new right "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

### B. Defendant is entitled to relief because, after *Johnson,* he is no longer subject to an enhanced base offense level and sentencing range.

Absent the residual clause, a predicate only qualifies as a "crime of violence" if it qualifies under the enumerated crimes clause or the force clause in  U.S.S.G. §4B1.2(a)(1).

New Hampshire robbery and federal bank robbery are plainly not one of the enumerated crimes. And, as explained below the version of New Hampshire burglary for which Defendant was convicted did not involve burglary of a dwelling as enumerated in the Guidelines.  *See* U.S.S.G. § 4B1.2 (burglary of a dwelling, arson, or extortion or a crime involving explosives).

The "force clause" inquiry asks whether the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." "'[P]hysical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") (emphasis in original). The use of force must be intentional, not just reckless or

---

[11]     Unlike other grounds for relief under 28 U.S.C. § 2255(a), there is no requirement that constitutional error also constitute a "miscarriage of justice." *See Narvaez v. United States*, 674 F.3d 621, 623 n.2 (7th Cir. 2011) ("miscarriage of justice" standard applies only to "a non-jurisdictional, non-constitutional error of law"); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (same); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011); *Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014).

negligent. *See United States v. Fish*, 758 F.3d 1, 9-10 & n.4 (1st Cir. 2014); *Whyte v. Lynch*, 807 F.3d 463, 468 (1st Cir. 2015).

In determining whether an offense is a crime of violence, courts follow a categorical approach, which requires an assessment of "the elements of the statute of conviction, not ... the facts of each defendant's conduct." *Taylor v. United States*, 495 U.S. 575, 601 (1990) (ACCA context); *see also, United States v. Castro-Vazquez*, 802 F. 3d 28, 35 (1st Cir. 2015) (career offender). The court asks whether "conduct criminalized by the statute, *including the most innocent conduct*, qualifies as a crime of violence." *Fish*, 758 at 5 (emphasis added) (internal quotation marks and citation omitted). If a statute is divisible into distinct sets of elements, some of which satisfy the crime of violence definition and some of which do not, courts may employ the modified categorical approach, consulting a limited set of judicial documents to determine "which of a statute's alternative elements formed the basis" of the conviction. *Descamps v. United States,* 133 S.Ct. 2276, 2284 (2013).

### 1.  Robbery as Defined in NHRSA 636:1 is not a Crime of Violence.

According to the presentence report, on October 29, 2002, Mr. Roszkowski was convicted for both robbery and burglary in New Hampshire. PSR ¶ 27.   The robbery and burglary statutes do not qualify as crimes of violence under the Guidelines. Under N.H. Rev. Stat. Ann. § 636:1:

> I. A person commits the offense of robbery if, in the course of committing a theft, he:(a) Uses physical force on the person of another and such person is aware of such force; or(b) Threatens another with or purposely puts him in fear of immediate use of physical force.

> II. An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit

theft, in an effort to retain the stolen property immediately
after its taking, or in immediate flight after the attempt or
commission.

III. Robbery is a class B felony, except that if the
defendant:(a) Was actually armed with a deadly weapon;
or(b) Reasonably appeared to the victim to be armed with a
deadly weapon; or(c) Inflicted or attempted to inflict death
or serious injury on the person of another, the offense is a
class A felony, except that if the defendant was actually
armed with a deadly weapon, and the deadly weapon was a
firearm, he shall be sentenced in accordance with RSA
651:2, II-g.

N.H. Rev. Stat. Ann. § 636:1.

Thus, the statute can be violated by using physical force against the person of
another, threatening another, or purposely putting another in fear of immediate use of
physical force. The statute requires only that the degree of force be sufficient so that
the victim is aware of the use of force. *State v. Goodrum*, 123 N.H. 77, 78 ( 1983 ). In
that respect the statute is analogous to the Massachusetts armed robbery statute. In
*United States v. Parnell*, No. 14-30208, 2016 WL 1633167 (9th Cir. Apr. 12, 2016), the
Court found that the level of force required to violate the Massachusetts armed
robbery statute was only that the force be sufficient to obtain  the victims property
against his will, and that it is sufficient if the victim is aware of the force. *Id.*, at *2.
Therefore the level of force sufficient to violate the statute did not rise to the level of
violent force, "that is force capable of causing physical pain or injury to another
person", which is necessary to establish the level of force described in 18 U.S.C. §
924(e) (2)(B)(i). *Id.* at *1. The Court did so using the "categorical" approach looking at
only the fact of the conviction and the elements of the statute. *Id.* The Court used this
approach because, like NHRSA 636: 1, the Massachusetts statute is not divisible. *Id.*

Mr. Roszkowski's conviction of New Hampshire unarmed robbery, RSA §
636:1, I(a), is not a predicate because it does not require violent physical force. The
statute is violated by the use of a level of force sufficient to produce awareness. *See
State v. Goodrum*, 123 N.H. 77, 78 (1983) ("RSA 636:1, I(a) does not require injury or
actual 'fear' of force[;] it does require that the victim be 'aware' of the use of force");
*see also State v. Skillings*, 98 N.H. 203, 208 (1953). This falls short of the "violent force"
required under *Johnson I.* 559 U.S. at 140; *cf. United States v. Castro-Vazquez,* 802 F.3d
28, 37-38 (1st Cir. 2015) (remanding for determination whether Puerto Rico robbery
meets "the guidelines requirement . . . of 'physical force,' … defined as 'violent
force'").

### 2. Burglary as Defined in NHRSA 635:1 is not an Enumerated Crime of Violence Under the Guidelines.

Mr. Roszkowski's conviction for burglary under N.H. Rev. Stat. Ann. § 635:1 is
not an enumerated crime of violence under the Guidelines. [12]  The Sentencing

---

[12] N.H. Rev. Stat. Ann. § 635:1 states:
    Burglary. –
        I. A person is guilty of burglary if he or she enters or remains
    unlawfully in a building or occupied structure, or separately secured or
    occupied section thereof, with purpose to commit a crime therein, unless the
    premises are at the time open to the public or the actor is licensed or privileged
    to enter. It is an affirmative defense to prosecution for burglary that the
    building or structure was abandoned.
        II. Burglary is a class B felony unless it is perpetrated in the dwelling
    of another at night, or if, in the commission of the offense, attempt at
    commission or in flight immediately after attempt or commission, the actor is
    armed with a deadly weapon or explosives or he purposely, knowingly or
    recklessly inflicts bodily injury on anyone; in which case it is a class A felony;
    except that if the person is armed with a deadly weapon and the deadly weapon
    is a firearm, he shall be sentenced in accordance with RSA 651:2, II-g.
        III. "Occupied structure" shall mean any structure, vehicle, boat or
    place adapted for overnight accommodation of persons, or for carrying on
    business therein, whether or not a person is actually present. "Night" shall

Guidelines specify the type of burglary that constitutes a crime of violence for purposes of § 4B1.2(a)(2), as burglary of a "dwelling ."  While this language is a departure from the enumerated crimes clause in the ACCA, the  language is clear that the burglary must be of a dwelling. The burglary statute under NHRSA 635:1 does not involve the burglary of dwellings. It pertains to a building or occupied structure. Further, the PSR suggests that the offense here involved a Burger King restaurant, not a dwelling.

### 3.  Bank Robbery Under 18 U.S.C. § 2113(a) and (d) is not a Crime of Violence.

Mr. Roszkowski's conviction for bank robbery under 18 U.S.C. § 2113 is not a crime of violence under the Guidelines.  A person commits bank robbery by taking money from a bank by "force and violence, or by intimidation," 18 U.S.C. §2113(a),[13]

---

mean the period between 30 minutes past sunset and 30 minutes before sunrise.

     IV. A person may not be convicted both for burglary and for the offense which it was his purpose to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a class A felony.

     V. A person is guilty of a misdemeanor if he makes or mends, or begins to make or mend, or knowingly has in his possession, an engine, machine, tool, or implement adapted and designed for cutting through, forcing or breaking open a building, room, vault, safe, or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose.

[13]  The statute reads: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to [a bank]." 18 U.S.C. § 2113(a).

and commits armed bank robbery if, in the course of the offense, he "assaults" or "puts in jeopardy the life of any person by the use of a dangerous weapon or device." *Id.* § 2113(d). As shown below, neither bank robbery in violation of § 2113(a), nor armed bank robbery in violation of § 2113(d), has "as an element the use, attempted use, or threatened use of physical force against the person of another" under U.S.S.G. § 4B1.2(a)(1).

> **i.**    **Section 2113(a) does not have as an element the use, attempted use, or threatened use of physical force.**

Taking or extorting money "by force and violence, or by intimidation," 18 U.S.C. § 2113(a), is not a crime of violence for two reasons.[14]  First, intimidation is satisfied "if an ordinary person in the bank teller's position could reasonably infer a threat of bodily harm." *United States v. Pickar*, 616 F.3d 821, 825 (8th Cir. 2010).   Even assuming that placing another in fear of bodily harm constitutes a threat of physical injury, threatening physical *injury* does not require a threat to use violent physical *force*. *See Whyte v. Lynch,* 807 F.3d 463, 468-69 (1st Cir. 2015) (statute requiring the intentional causation of injury did "not contain as a necessary element the use, attempted use, or threatened use of violent force" because "force need [not] be employed to cause the injury"); *United States v. Torres-Miguel*, 701 F.3d 165, 168-69 (4th Cir. 2012) ("a crime may *result* in death or serious injury without involving *use* of physical force," as in poisoning someone (emphasis in original); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 194-96 (2d Cir. 2003).

---

[14]    The statute is not divisible into robbery by "force and violence" and robbery by "intimidation" because they are alternative means of satisfying a single element. *See* 2B Fed. Jury Prac. & Instr. § 57:06 (6th ed.) (both alternatives provided as a single element in First Circuit Instruction , instructing " that [defendant] used intimidation or force and violence when he/she did so"); *see also Omargharib v. Holder*, 775 F.3d 192, 198-99 (4th Cir. 2014).

Second, intimidation does not require an *intentional* threat of violent force. "Intimidation is measured under an objective standard, and, therefore, whether the bank robber intended to intimidate the bank teller is irrelevant," *Pickar*, 616 F.3d at 825; *see also U.S. v. Henson*, 945 F.2d 430, 439-440 (1st Cir. 1991).

**ii.     Section 2113(d) does not have as an element the use, attempted use, or threatened use of physical force.**

Whoever "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" during the course of a bank robbery is guilty of armed bank robbery under § 2113(d). With this additional element, armed bank robbery still does not qualify as a crime of violence under the force clause of § 924(c)(3)(A).[15]

First, "assault" means "to threaten bodily harm...." *See* D.E. 107-3 at 8 (jury instruction so stating). As discussed immediately above, threatening bodily *harm* need not involve a threat to use violent physical *force*. Further, armed bank robbery may be accomplished without any force at all—merely carrying or exhibiting a firearm is sufficient to sustain a conviction under § 2113(d). *See, e.g.*, *United States v. Whitfield*, 695 F.3d 288, 304 (4th Cir. 2012) (*carrying* guns during attempted bank robbery held sufficient to violate the statute).

To determine when the requisite danger is created, then, courts have engaged in analysis that echoes the residual clause of § 924(c)(3)(B). *See, e.g., McLaughlin v. United States*, 476 U.S. 16, 17-18 (1986) (unloaded gun was dangerous weapon under §

---

[15]   This section is not divisible into "robbery by assaulting" or "robbery by putting in jeopardy with a dangerous weapon" because the jury is required to choose between these alternative means. *See* 2B Fed. Jury Prac. & Instr. § 57:06 (6th ed.) (both alternatives provided as a single element in First Circuit Instruction, instructing "assaulted someone or put someone's life in jeopardy").

2113(d) because "display of a gun instills fear in the average citizen," and "creates an immediate danger that a violent response will ensue"); *United States v. Bennett*, 675 F.2d at 599 (same); *United States v. Cannon*, 903 F.2d 849, 854-55 (1st Cir. 1990) (toy gun supports § 2113(d) conviction because it "creates some of the same risks" as a loaded gun, including "a likelihood that the reasonable response of police and guards will include the use of deadly force"); *United States v. Benson*, 918 F.2d 1, 3 (1st Cir. 1990) (feigning having a gun was tantamount to "using a dangerous device" because it would create an "immediate danger that a violent response [would] ensue").Thus, despite its title, armed robbery does not meet the force clause definition, as interpreted in *Johnson I*.

## VI.   CONCLUSION

For the reasons stated above, post- *Johnson*, Defendant  no longer has the requisite number of predicate felony convictions that qualify as  "crimes of violence" for purposes of the Federal Sentencing Guidelines, U.S.S.G. § 4B1.2(a). He should not have been subject to a level 24 base offense level under § 2K2.1(a)(2). Instead, his applicable sentencing range is 84-105 months' incarceration, based on an offense level of 22, criminal history category of V.  Accordingly, he respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

 Respectfully submitted
ARJUSZ ERIC ROSZKOWSKI
By his attorney,

*/s/ Tara I. Allen*
Tara I. Allen, BBO# 641687
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281; FAX 528-4285
tara_allen@fd.org

## CERTIFICATION

I hereby certify that a copy of this MEMORANDUM was delivered by electronic notification to all counsel registered with ECF, on June 22, 2016.

*/s/ Tara I. Allen*